TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:       213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiff,
Facebook, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>GLEB SLUCHEVSKY and<br>ANDREY GORBACHOV,<br><br>             Defendants. | Case No. 3:19-cv-01277-JSC<br><br>**PLAINTIFF'S SECOND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE [L.R. 6-1(B)]**<br><br>CURRENT DATE:   September 5, 2019<br>PROPOSED DATE:  December 12, 2019<br><br>TIME:       1:30 p.m.<br>CTRM:      F – 15th Floor<br><br><br>Hon. Jacqueline Scott Corley |

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

# I. NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Facebook, Inc. hereby move this Court for an order continuing the Case Management Conference by approximately three months from September 5, 2019 to December 12, 2019. The basis for this motion is that each of the Defendants resides in Ukraine, and while Plaintiff has initiated the process to serve Defendants through the Hague Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff does not expect service to be completed for at least another 4 months, possibly longer, and Plaintiff does not expect to receive a proof of service from the Ukraine Central Authority for another 1-2 months after that. Because none of the Defendants has been served with process or appeared in the action, Plaintiff has not been able to, and will not be able to, meet and confer with Defendants as required in advance of the Case Management Conference. As a result, any ADR submissions or Rule 26(f) report would be submitted unilaterally by Plaintiff.

In view of the parties' inability to meet and confer with Defendants or their counsel, Plaintiff seeks relief in the form of an order continuing the Case Management Conference by approximately three months from September 5, 2019, to December 12, 2019.

Plaintiff has been unable to meet and confer with Defendants in an effort to obtain a stipulation for the relief sought in this motion because none of them has yet appeared in this action. Entering into a stipulation would require one or more of the Defendants to make a special appearance solely for that purpose before that Defendant has even been served with process. Still, Plaintiff's attorneys have contacted Defendants by email multiple times, and on August 14, 2019, Facebook's counsel received notice from Eugene Rome at Rome & Associates, A.P.C., a California-based firm, that Mr. Rome has been retained to represent Defendant Sluchevsky but has not yet received authorization to appear in this action and thus lacks the authority to stipulate to the requested continuance. Declaration of David J. Steele ("Steele Decl.") ¶ 7. This is the second request for the extension of any deadline in this action. Plaintiff's first request was to continue the case management conference from September 5, 2019 to December 12, 2019 for similar reasons to those outlined in this motion. Dkt. 11. The Court granted that request for continuance. Dkt. 12. Facebook believes that the requested extension will have a minimal impact on the

2

schedule for this case given that no scheduling order has yet been entered. Steele Decl. ¶ 8.

## II.    INTRODUCTION AND STATEMENT OF FACTS

In 2017 and 2018, Defendants Gleb Sluchevsky and Andrey Gorbachov operated fraudulent web applications designed to deceive their users into installing malicious browser extensions ("malicious extensions"). The malicious extensions enabled Defendants to "scrape" information from the app users' social media profiles and inject advertisements when the app users visited different social networking sites, including Facebook. Specifically, Defendants scraped the app users' publicly viewable profile information (*i.e.* name, gender, age range, profile picture) and private (or non-publicly viewable) list of friends from various social networking sites. Facebook identified Defendants and their scheme through an investigation of malicious extensions and disabled all of Defendants' known Facebook accounts in 2018. Facebook subsequently filed this action for damages and injunctive relief to curtail these activities.

Upon filing this action, Facebook sought to have all of the case initiating documents translated into Ukrainian so that they could be served via the Hague Convention. Steele Decl. ¶ 2. Unfortunately, service via the Hague Convention is expected to take 7 months, if not longer, and it will take up to 2 additional months before the proofs of service are returned to Facebook. Declaration of Celeste Ingalls ("Ingalls Decl.") ¶ 12. In an effort to expedite this process, Facebook's attorneys sent Defendants courtesy copies of the pertinent filings in this action both by hand delivery[1] and by email. Steele Decl. ¶ 3 & Ex. 1. In conjunction with sending these courtesy copies, Facebook's attorneys also requested in writing that Defendants either conduct the mandatory ADR and Rule 26(f) conferences as required by this Court's order setting a case management conference and related deadlines, or that in the alternative, Defendants stipulate to continue the case management conference. *Id.* at ¶ 4 & Ex. 1. Facebook never received a response to this letter. *Id.* at ¶ 5. Facebook then sent a follow-up letter by email[2] to all known email addresses for Defendants. *Id.* at ¶ 6 & Ex. 3. In that letter, Facebook again asked to meet and confer and

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

[1] Facebook's attempts at hand delivering the documents have been unsuccessful to date as it appears that the addresses known to Facebook and its counsel are no longer valid. Steele Decl. ¶ 3 & Ex. 2. Facebook is investigating potential alternate addresses. *Id.* at ¶ 3.

[2] Of the 10 email addresses for Defendants of which Facebook is aware, emails to 2 of those addresses resulted in the message being returned as undeliverable. *Id.* at ¶ 6. Facebook has no reason to believe that these other 8 email addresses are no longer valid. *Id.*

SECOND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE
CASE NO. 3:19-CV-1277-JSC

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1   also asked that Defendants stipulate to continue the Case Management Conference to December 12, 2019.

2   *Id.* Facebook has received no response from Defendant Gorbachov as of the filing of this motion. *Id.* at

3   ¶ 7. However, an attorney for Defendant Sluchevsky, Eugene Rome of Rome & Associates, A.P.C.,

4   responded to the letter explaining that he had been retained to represent Ms. Sluchevky; however, he does

5   not currently have authority to make an appearance in this action, to meet and confer, or to stipulate to

6   move the Case Management Conference. *Id.*

7         Due to the requirement that the parties collaboratively participate in the ADR selection process

8   and the Rule 26(f) conference before the case management conference, and due to the impossibility of

9   doing so under the current circumstances, Facebook previously filed a motion to continue the case

10  management conference from June 6, 2019 to September 5, 2019. Dkt. 11. The Court granted that motion.

11  Dkt. 12. For the reasons outlined above, Facebook now respectfully request that the Court continue the

12  conference by approximately three additional months until December 12, 2019. At that juncture,

13  Facebook is hopeful that Defendants will have engaged in the meet and confer process.

14  **III.    CONTINUING THE CASE MANAGEMENT CONFERENCE IS WARRANTED.**

15      **A.    Facebook cannot effect service of process before the current case management**

16            **conference deadline despite its diligence.**

17        Each of the Defendants resides in Ukraine. Absent a Court order or the lack of internationally

18  agreed means, defendants in a foreign country should generally be served with process "by any

19  internationally agreed means of service that is reasonably calculated to give notice, such as those

20  authorized by the Hague Convention . . . ." Fed. R. Civ. P. 4(f)(1). Ukraine is a signatory to the Hague

21  Convention; however, Ukraine has formally objected to service within its territory by means other than

22  through Ukraine's designated central authority ("Central Authority for Ukraine"). Ingalls Decl. ¶¶ 3, 7-8.

23  The current timeframe between when the Central Authority for Ukraine receives a request for service and

24  the time when the service has been effected currently exceeds 7 months. *Id.* at ¶ 12.

25        Upon filing the complaint, Facebook began having all case initiating documents translated, as well

26  as those required by the Court's local rules. Steele Decl. ¶ 2. Facebook received confirmation that the

27  Ukraine Central Authority received the service packet on May 21, 2019. Ingalls Decl. ¶ 10. Add to this

28  the additional 7 months projected for service by the Central Authority for Ukraine, and it is likely that

4

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1    Defendants will not be served with process until December. It therefore remains impossible for Facebook

2    to have effected service before the case management conference is scheduled to take place.

3         In addition to effecting service through the Hague Convention, Facebook has had copies of all

4    documents in this action sent by email to each of the Defendants together with a cover letter explaining

5    that the delivery does not constitute official service, requesting that each of the Defendants execute a

6    waiver of service of the summons and complaint pursuant to Fed. R. Civ. P. 4(d), and requesting that the

7    Defendants meet and confer in advance of the case management conference. Steele Decl. ¶¶ 3-4. Facebook

8    recently sent follow-up correspondence to the same effect. *Id.* at ¶ 6. To date, Defendant Gorbachov has

9    not responded. *Id.* at ¶¶ 5, 7. However, Facebook's counsel has initiated a dialog with Defendant

10   Sluchevsky's attorney, though that attorney is not at this time authorized to enter an appearance or to meet

11   and confer. *Id.* at ¶ 7.

12        **B.    The parties and the Court will be best served by complete participation by all parties**

13              **in the case management conference.**

14        As the Court is well aware, the parties are required to discuss and attempt to stipulate to an ADR

15   option in advance of the case management conference. The parties are also required to conduct their Rule

16   26(f) conference, during which time they would prepare a discovery plan, discuss means of evidence

17   preservation, determine any anticipated motions, seek to narrow the issues presented in the action, discuss

18   settlement, and develop a proposed schedule for the Court's review. Because Defendants have not been

19   responsive to date, and therefore presumably will not be until service through the Hague Convention is

20   complete, Facebook cannot discuss any of these matters with Defendants. In many ways, this defeats the

21   purpose of the conference as it does not allow the parties to limit any potential disagreements and then

22   bring them to the Court's attention. *See* Fed. R. Civ. P. 26(f) (listing areas for the parties to attempt to

23   reach an agreement); Fed. R. Civ. P. 1 (rules should be construed and administered to secure just, speedy,

24   and inexpensive determination of action).

25   **IV.    CONCLUSION**

26        Despite their best efforts, Facebook has been unable to secure Defendants' participation in the

27   required conferences that precede the Case Management Conference, and Plaintiff therefore respectfully

28   requests that the Court continue to conference to December 12, 2019.

SECOND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE
CASE NO. 3:19-CV-1277-JSC

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

1

2 DATED: August 15, 2019                    Tucker Ellis LLP

3

4                                            By: /s/David J. Steele
                                                 David J. Steele
5                                                Howard A. Kroll
                                                 Steven E. Lauridsen
6
                                                 Attorneys for Plaintiff,
7                                                Facebook, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE
CASE NO. 3:19-CV-1277-JSC

TUCKER ELLIS LLP

Chicago ✦ Cleveland ✦ Columbus ✦ Houston ✦ Los Angeles ✦ San Francisco ✦ St. Louis

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

    On **August 15, 2019,** I served the following: **PLAINTIFF'S SECOND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE [L.R. 6-1(B)]** on the interested parties in this action as follows:

| | |
|---|---|
| ANDREY GORBACHOV | GLEB SLUCHEVSKIY |
| Web Sun Group | Web Sun Group |
| Sportivnaya ploshad 1, | Sportivnaya ploshad 1, |
| Kyiv, Ukraine | Kyiv, Ukraine |
| Email: espaldota1@gmail.com | Email: gleb@websungroup.com |
| espaldota@mail.ru | gleb22@gmail.com |
| espaldotagalaxy@gmail.com | glebs@mail.ru |
| mr.andrey.g.f@gmail.com | glebslu@gmail.com |
| gorbachovandrii@gmail.com | mt.partnerka@gmail.com |

### DEFENDANTS

(X)   **BY EMAIL:** the above-entitled document to be served electronically by email.

(X)   **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 15, 2019**, at Los Angeles, California.

_____
Jane Davidson

---