TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:     213.430.3409

Attorneys for Plaintiff,
Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLEB SLUCHEVSKY and ANDREY GORBACHOV, <br><br> Defendants. | Case No. 3:19-cv-01277-JSC <br><br> **PLAINTIFF FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DEEM SERVICE EFFECTIVE AND TO ENTER DEFAULT AGAINST DEFENDANTS** <br><br> DATE:  April 16, 2020 <br> TIME:  9:00 a.m. <br> CTRM:  E – 15th Floor <br><br> Hon. Jacqueline Scott Corley |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 16, 2020 at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom E of this Court located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, Plaintiff Facebook, Inc. ("Facebook") will, and hereby does, move this Court for an order deeming service of process effective and entering a default against Defendants Gleb Sluchevsky and Andrey Gorbachov pursuant to Rules 4 and 55 of the Federal Rules of Civil Procedure, as well as Article 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention").

As detailed more fully herein, Facebook requested service on Defendants in their home country of Ukraine in accordance with the Hague Convention over nine months ago. Despite repeated requests made to the Ukraine Ministry of Justice to serve the complaint on Defendants, it failed to do so. Under the Hague Convention, a State's failure to serve process within six months is sufficient to warrant default. And here, Ukraine has yet to serve process on Defendants despite the passage of over nine full months. On those facts alone, the entry of default is plainly warranted.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declarations of David J. Steele and Celeste Ingalls, all pleadings and papers on file, and upon such oral argument as may be made at the hearing on this Motion.

DATED: March 12, 2020                    Tucker Ellis LLP


                                          By: /s/David J. Steele
                                              David J. Steele
                                              Howard A. Kroll
                                              Steven E. Lauridsen

                                              Attorneys for Plaintiff,
                                              Facebook, Inc.

1

MOTION FOR ENTRY OF DEFAULT
CASE NO. 3:19-CV-1277-JSC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Facebook is moving for entry of default in this matter pursuant to Federal Rule of Civil Procedure 55 and Article 15 of the Hague Convention. Article 15 of the Hague Convention allows the court to enter default on the matter pursuant to that court's procedures where (1) a plaintiff has transmitted the documents to be served pursuant to the requirements of the Hague Convention; (2) more than six months have passed without service having been effected; and (3) the plaintiff has exercised diligence in attempting to obtain a certificate of service. All three requirements are met here, and defaults should therefore be entered pursuant to Rule 55, as authorized by Article 15 of the Hague Convention. Facebook requested Ukraine serve Defendants with process *over nine months ago*. During that time, Facebook repeatedly contacted Ukraine's designated central authority to encourage compliance with the Hague Convention, to no avail.

While Ukraine's nine-month failure to serve process alone justifies the entry of default, Defendants also had actual notice of this lawsuit, which Defendant Sluchevsky's attorney admitted. On those facts, the entry of default is necessary, proper, and amply justified. The Court can and should enter a default so Facebook can proceed to move for a judgment.

## II. STATEMENT OF FACTS

On May 8, 2019, Plaintiff filed this action against Defendants, both of whom reside in Ukraine. ECF No. 1. On May 9, 2019, Plaintiff initiated service of process in Ukraine through the Hague Convention. Declaration of Celeste Ingalls ("Ingalls Decl.") ¶ 9. More than six months have passed without service having been effected; and despite making every reasonable effort, Facebook has not yet received a Certificate of Service from the Ukraine Central Authority.

Promptly after filing this action, Facebook translated all of the case-initiating documents into Ukrainian so that they could be served via the Hague Convention. Steele Decl. ¶ 2. Facebook hired Celeste Ingalls, a Hague Convention service expert, to assist in effecting service. *Id.*; Ingalls Decl. ¶¶ 1-5. On May 9, 2019, Ms. Ingalls initiated the service process required by the Hague Convention by sending all

required documents to the Ministry of Justice of Ukraine, which is the Ukraine Central Authority.[1] Ingalls Decl. ¶ 9. Ms. Ingalls received confirmation that the Ukraine Central Authority received all required service documents on May 21, 2019. *Id.* ¶ 10 & Ex. 1. As of the date of this filing, certificates of service have not been received from the Ukraine Central Authority despite making every reasonable effort to obtain such certificates. *Id.* ¶ 13(c).

In addition to pursuing service under the Hague Convention, Facebook's attorneys attempted to send courtesy copies of the pertinent filings in this action to both Defendants by hand delivery[2] and by email on May 13, 2019. Steele Decl. ¶ 3 & Ex. 1. Facebook's attorneys also sent Defendants a waiver of service of process form and requested that they sign and return it, but Defendants did not respond. Steele Decl. ¶¶ 4-55. Facebook then sent a follow-up letter by email[3] to all known email addresses for Defendants on August 13, 2019, wherein Facebook again discussed service and also requested that Defendants meet and confer pursuant to Rule 26(f) and this Court's Civil Local Rules. *Id.* ¶ 6 & Ex. 3.

On August 14, 2019, an attorney for Defendant Sluchevsky, Eugene Rome of Rome & Associates, A.P.C., first contacted Plaintiff's counsel and indicated that he had been retained to represent Sluchevsky, but Mr. Rome was not authorized by Defendant Sluchevsky to file an appearance in this action or to accept service of process. *Id.* ¶ 7. Facebook has not received a response from Defendant Gorbachov as of the filing of this motion, but Mr. Rome advised that Defendant Gorbachov also had notice of this action.[4] *Id.* Despite Defendants having notice of this action, Defendants have refused to accept service of process so that this litigation may proceed.

---

[1] The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

[2] Facebook's attempts at hand delivering the documents have been unsuccessful to date as it appears that the addresses known to Facebook and its counsel are no longer valid. Steele Decl. ¶ 3 & Ex. 2. Facebook has made delivery attempts at multiple addresses. *Id.* ¶ 3.

[3] Of the ten email addresses for Defendants of which Facebook is aware, emails to four of those addresses resulted in the message being returned as undeliverable. Steele Decl. ¶ 6. Facebook believes these other email addresses are still valid given Defendants' actual knowledge of this action. *Id.*

[4] Although Mr. Rome presumably received copies of the pleadings when he was retained by Defendant Sluchevsky, Facebook's counsel also sent him copies of all documents that had been filed to date. Steele Decl. ¶ 7.

As discussed below, the Hague Convention provides a mechanism by which the Court may enter default under these circumstances pursuant to the Court's rules and procedures, and Facebook therefore respectfully requests that the Court grant this motion and direct the Clerk to enter default.

### III. ENTRY OF DEFAULT IS WARRANTED

#### A. Legal Standard for Entry of Default in United States District Court

This Court has broad authority to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." *See* Fed. R. Civ. P. 55(a). When a defendant is served under Rule 4, default is proper if the defendant does not answer within the requisite timeframe. Fed. R. Civ. P. 12(a)(1)(A)(i).

Where, as here, service is attempted via the Hague Convention under Rule 4(f)(1), default is proper **without actual service** so long as: (1) the complaint is transmitted in accordance with the Hague Convention; (2) at least six months have elapsed without service; and (3) no responsive certificate issued from the receiving authority, even though every reasonable effort has been made. *Leger v. Rivers Edge Treestands, Inc.*, 2016 WL 909173, at *3 (E.D. Tex. Feb. 8, 2016). As shown below, all of those elements have been met. Accordingly, the entry of default is warranted.

#### B. The entry of default is proper because Facebook has satisfied all of the requirements of Article 15 of the Hague Service Convention.

Rule 4 of the Federal Rules of Civil Procedure expressly authorizes service of process on foreign individuals "by an internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague [Service] Convention . . . ." *See* Fed. R. Civ. P. 4(f)(1). Here, both the United States and Ukraine are signatories to the Hague Convention. Ingalls Decl. ¶ 3. As a signatory to the Hague Convention, Ukraine[5] must "establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Once Ukraine's designated central authority—the Ministry of Justice—receives a request, it must serve the documents. *Id.* at 699. If it fails to do so within six months, a court may enter a default "even if no certificate of service or delivery has been received." *Leger*, 2016 WL 909173, at *3.

---

[5] Both the United States and Ukraine are signatories to the Hague Convention. Ingalls Decl. ¶ 3.

And that is precisely what happened here. Facebook requested service on Defendants pursuant to the Hague Convention on May 9, 2019—nearly one full year ago. Ingalls Decl. ¶ 9. Facebook received confirmation that Ukraine's Ministry of Justice received the requisite service documents on May 21, 2019. *Id.* ¶ 13(a). Facebook followed up diligently to try to effect service through the Ministry of Justice, to no avail—in particular, through inquiries submitted on September 10, 2019, November 5, 2019, December 23, 2019, and February 14, 2020. *Id.* ¶ 13(c). More than nine months[6] have passed with no success. *Id.* At this juncture, Ukraine's nine-month failure to serve the complaint warrants the entry of default under Article 15 of the Hague Convention. *See* Hague Convention Art. 15 (authorizing default after six months); *China Int'l Marine Containers (Grp.) Ltd. v. Jiangxi Oxygen Plant Co.*, 2017 WL 6403886, at *2 (S.D. Tex. Feb. 15, 2017) ("[A]s of the filing of their Motion, **nine months** had elapsed without Plaintiffs receiving any certificate from CCA—despite **two inquiries** into the status of service. Default judgment is, therefore, appropriate.") (emphasis added); *Leger*, 2016 WL 909173, at *3, 5 (recommending default after six months); *Meemic Ins. Co. v. Vertical Partners W., LLC*, 2019 WL 4928806, at *3 (E.D. Mich. Oct. 6, 2019) (entering default after six months and after plaintiff "mailed and emailed the Chinese Ministry in February and March of 2019 to request updates").

Facebook satisfied all of the requirements of Article 15 of the Hague Convention. And yet, despite the passage of nine full months and multiple follow-up inquiries by Facebook, Ukraine failed to serve the complaint on Defendants. At this juncture, the Court can and should enter a default against Defendants. Such relief is particularly appropriate here given Defendants' actual knowledge of the pendency of this action, which, as stated above, Defendant Sluchevsky's attorney admitted.

## IV. CONCLUSION

Facebook has complied fully with the Hague Convention, and, while not required to do so, went above and beyond the Hague Convention's requirements to provide Defendants with actual notice of this

---

[6] While Facebook need not have done so to obtain a default under the Hague Convention, Facebook nonetheless took all reasonable steps to provide actual notice of this action to Defendants. As stated above, those efforts succeeded. Defendant Sluchevsky's attorney acknowledged that Defendants were aware of this lawsuit at least as far back as August 2019. Under the circumstances, it is plain that ample time has passed to enter a default.

action. Ukraine's nine-month failure to serve the complaint on Defendants—as well as Defendants' own refusal to respond despite having actual knowledge of this lawsuit—justifies the entry of default. Once this Court enters default, Facebook will move promptly for a judgment.

DATED: March 12, 2020            Tucker Ellis LLP


By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

    Attorneys for Plaintiff,
    Facebook, Inc. Attorneys for Plaintiff,
    Facebook, Inc.

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **March 12, 2020,** I served the following: **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DEEM SERVICE EFFECTIVE AND TO ENTER DEFAULT AGAINST DEFENDANTS** on the interested parties in this action as follows:

ANDREY GORBACHOV
Web Sun Group
Sportivnaya ploshad 1,
Kyiv, Ukraine
Email: espaldota1@gmail.com
espaldotagalaxy@gmail.com
mr.andrey.g.f@gmail.com
gorbachovandrii@gmail.com

GLEB SLUCHEVSKIY
c/o Eugene Rome
Rome & Associates
2029 Century Park East, Suite 450
Los Angeles, CA 90067
erome@romeandassociates.com

**DEFENDANTS**

(X) **BY EMAIL:** the above-entitled document to be served electronically by email.

(X) **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **March 12, 2020**, at Los Angeles, California.

*/s/Reginald Norman*
Reginald Norman